## Lehigh Valley Railroad Company *versus* Lazarus.

Tho risk of fire being communicated from locomotives to buildings cannot
be taken into consideration in estimating the damages sustained by the owner
of land, arising from the construction of a railroad over such land, because of
the uncertain and contingent nature of such damages.  Railroad Company *v.*
Hummel, 3 *Casey* 99.

The Act of Assembly incorporating "The Lehigh Valley Railroad Company"
does not direct or authorize damages of a possible or contingent character
to be assessed.

For the damages occasioned by the negligent running of the locomotives on
a railroad, the company are liable in an action to the party injured, when the
damages accrue.

In an appeal from proceedings to assess damages occasioned by the construc-
tion of a railroad, it is unnecessary for the plaintiff to file a declaration.

ERROR to the Common Pleas of *Lehigh county.*

This was a proceeding in the court below, by Jacob Lazarus
against the Lehigh Valley Railroad Company, to recover damages
for injuries alleged to have been sustained by the petitioner, by
reason of the making of the defendants' railroad.  A *venire* was
awarded, and on the 6th June, 1855, a report was filed, finding
that the plaintiff had sustained damages to the amount of $1200.
Both parties appealed.  On the 2d May, 1856, the plaintiff entered
a rule on the defendants to plead, and on the 19th of the same
month, the defendant protesting against the right of the plaintiff
to call for a plea, until a statement or declaration was filed, entered
the plea of not guilty.

The cause came on for trial in the court below on the 15th
November, 1856.  The plaintiff offered to show the proximity of
his house and buildings to the railroad, to show that there was
danger that the same might be set on fire by sparks from the loco-
motive; for the purpose of claiming damages by reason of the
diminution in value of his property on account of such danger ; to
the admission of which in evidence the defendants, by their coun-
sel, objected, but the court overruled the objection and admitted
the evidence, to which decision of the court the defendants, by
their counsel, excepted.

The plaintiff proposed to ask another witness this question :—
"How far do locomotives throw sparks ?"  To which the defend-
ants objected, on the ground, that the witness was not an expert,
and that danger from fire was not to be included in the assess-
ment of damages; but the court overruled the objection, and
allowed the question to be propounded to the witness.  To which
the defendants tendered and the court sealed a bill of exceptions.

The 12th section of the Act incorporating the Lehigh Valley
Railroad Company is as follows :—

[Lehigh Valley Railroad Company *v.* Lazarus.]

"Sec. 12. That the said president and managers shall have power and authority by themselves or their superintendents, engineers, artists, and workmen, to enter in and upon and occupy all land on which the said railroad or its depots and warehouses may be located, or which may be necessary for the erection of its engine and water stations, weigh scales or any other purpose necessary or useful in the construction and repairs of the said railroad, and therein to dig and embank, make and construct the same : *Provided,* The said company shall first make compensation to the owner or owners of the ground and materials, and property so taken and occupied as aforesaid, or give adequate security therefor ; but if the parties cannot agree upon the compensation to be made to such owner or owners, it shall and may be lawful for the parties to appoint five suitable, judicious, and disinterested persons, who shall be under oath or affirmation, and who shall reside within the counties of Northampton, Lehigh, Carbon, and Schuylkill, and if they cannot agree upon such persons, then either of the parties, after giving twenty days' notice to the other, may apply to the Court of Common Pleas of the county in which the land may lie, and the court shall award a *venire,* directed to the sheriff, to summon a jury of judicious and disinterested persons from the said counties, in order to ascertain and report to the said court what damages, if any, have been sustained, by the owner or owners of said ground, by reason of the construction of the said railroad through the same ; which said jury of valuers, being duly sworn or affirmed, and having viewed the premises, shall proceed to estimate the quantity and quality of the land occupied by the said railroad, and all other inconveniences which may be likely to result therefrom to the said land, and, under the influence of these considerations and a just regard to the advantages which may seem likely to result to the owner or owners of the said land, from the opening of the said railroad through the same, to make their assessment and report to the court, which report being confirmed by the said court, judgment shall be entered thereon and execution may issue in case of non-payment for the sum awarded : and the expenses incurred by the appraisers or jury shall be defrayed by the said railroad company :—*Provided,* That either party may appeal to the court within thirty days after such a report may have been filed in the prothonotary's office of the proper county, in the same manner as appeals are allowed in other cases."

The charge of the court below (MAXWELL, P. J.) contained the following :—

"Among other inconveniences complained of, the plaintiffs have given you evidence as to the proximity of this road to their buildings, and ask you to take into consideration the liability they are

under, to have their buildings destroyed by fire, from the sparks from the locomotives of the company.

"Our Supreme Court have, as we hold, decided in 8 *Barr* 366, Railroad Company v. Yeiser, that the plaintiffs are concluded by your assessment from future recovery for damages from fire, caused by the *necessary* emission of sparks from the engines used in doing the business of the company.

"They have also decided in 11 *Harris* 373, in the case of Huyett v. The Philadelphia and Reading Railroad Company, that this company will not be protected by your finding, from damages for fires caused by the *careless* emission of sparks in the running of their engines, by the company. Your assessment here, then, does not protect this company from liability hereafter, for acts *arising* from *negligence on their part*, and you ought not to take the probability of injuries from such negligence into account in assessing damages in these cases; but you can and should take into consideration the probable damages from fire, if any, which may be likely to occur to the buildings of the plaintiffs, by the *necessary* emission of sparks from the engines to be used, in doing the business of this road, *without negligence* on their part, and for which damages the plaintiffs cannot recover against defendants hereafter. You have heard the testimony as to the character of these buildings, their situation as to this railroad, as also their distance therefrom, and you will determine upon this portion of the plaintiffs' claim, under the principles of law I have stated, settled by our highest legal tribunal."

The jury found for the plaintiff $850. A motion for a new trial was refused, and judgment entered upon the verdict.

The defendants sued out this writ, and assigned for error:—That the court erred in admitting the testimony contained in the bills of exceptions, and in charging the jury as above stated.

*M. Goepp, Longnecker,* and *J. M. Porter,* for plaintiff in error.

*Marx* and *R. E. Wright,* for defendant in error.

The opinion of the court was delivered by
LOWRIE, J.—In Huyett v. The Reading Railroad Company, 23 *State R.* 373, we decided that the damage from fire, occasioned by negligence in running the locomotives, was not included in the original estimate of damages made at the time of the construction of the road, and that, under the circumstances of that case, the court could not take the question of negligence from the jury and decide that there was none, as had been done in the case of Yeiser against the same company, 8 *State R.* 366. Much additional light may be obtained on that question in 2 *Am. Railw. Cases* 30, 38.

[Lehigh Valley Railroad Company *v.* Lazarus.]

Another point raised in Yeiser's Case, came up lately in The Sunbury and Erie Railroad Co. *v.* Hummel, 27 *State R.* 99, wherein we decided that the risk of fire from locomotives could not properly be considered in estimating the damages arising from the construction of a railroad, because of its uncertain and contingent nature ; and we find our reasoning in that case sustained by several very influential decisions elsewhere : 2 *Mees. & W.* 824 ; 10 *Id.* 425 (*S. C.* 19 *Eng. L. & E. R.* 295) ; 4 *Id.* 265 (*S. C.* 16 *Queen's B. R.* 643, 6 *Railw. C.* 656). In so deciding, we did not overrule Yeiser's Case, because of a difference which we pointed out in the cases, without saying that that difference called for a difference in the results. And though the distinction there alluded to does not exist here, yet it is insisted that there is such a difference between Hummel's Case and this, as to demand that this should be differently decided.

We do not think so. Indeed when we consider that the legislature, in all such cases, intend to provide for all real damages and no more, and that it is impossible for different men to express this idea in the same terms, except by copying from each other, we incline to look for the same thought, rather than for different ones, even where the forms of expression are different. On no other principle could we ever arrive at anything like system in dealing with these corporations. These views decide at once the points of evidence and of instruction. There was no need of a declaration.

Judgment reversed and a new trial awarded.